THE PEOPLE *vs.* BAKER.

Upon an application in a criminal case to change the place of trial, on the ground that a fair and impartial trial cannot be had in the county where the prisoner was indicted, it is insufficient to state in the affidavit that a jury cannot be selected from a certain *portion* of the county, who would give the prisoner a fair and impartial trial.

Affidavits upon which a motion is founded to continue a criminal cause from one term of the court to another, should show that the prisoner has used due diligence in endeavoring to procure the attendance of his witnesses, and in preparing for trial.

It is a settled rule, founded upon considerations of necessary policy, that the testimony of a juryman cannot be received to defeat his own verdict; and in a criminal case, the affidavit of a juryman, made after verdict, that he had formed and expressed an opinion before the trial, cannot be received on a motion for a new trial.

When neither the testimony nor the facts proved at the trial, are returned on appeal, this court will not undertake to decide whether the charge of the district judge to the jury was correct or not. In this respect, the case of *The People* v. *McCauley* (*ante, p.* 379,) affirmed.

1b 403
105 633
1 403
Case 2
146 506

APPEAL from the district court of the county of San Joaquin. The material facts are stated in the opinion of the court.

*John A. McDougall,* (attorney general,) for the people.

*D. W. Perlee,* for the prisoner.

*By the Court,* BENNETT, J.   The defendant was convicted of the crime of murder at the April term of the district court of the county of San Joaquin.   An application was made to change the place of trial from that county to one of the adjoining counties, on the ground that the defendant could not have a fair and impartial trial in the county of San Joaquin.   The application was supported by the affidavit of the defendant alone, who sets forth therein various reasons from which he is led to believe that a jury could not be selected from the citizens of *Stockton,* who would give him a fair and impartial trial.   But Stockton does not constitute the whole of the county of San Joaquin, and it does not appear that an impartial jury could not have been selected from citizens of the county residing out of Stockton. The court was not satisfied that the prisoner could not have a fair trial in that county, and the decision of the district judge on this point was correct.

The defendant was indicted at the December term of the district court, and was ready for trial at that term, but the cause was put over on the application of the district attorney to the April term, when the defendant applied for a further continuance, the refusal of which, it is claimed, was error, for which the judgment should be reversed.   But we think the affidavit of the defendant does not show a case, upon which the court could be required to grant a continuance.   It does not show due diligence on the part of the defendant in endeavoring to procure the attendance of his witnesses, or their depositions in case their personal attendance could not be compelled.   It does not appear at what time the subpœnas for the witnesses were taken out, at what time the witness known by the name of "Bones" left the county, what efforts were made to procure a service of

The People *v.* Baker.

subpœna upon him, or that any attempt had been made to procure the testimony of Turner. The affidavit, it is true, states that Turner had promised to be in attendance, but the defendant should have taken some legal means to procure his evidence. Under these circumstances, the facts which were intended to be proved by these witnesses, should, at least, have been set out, in order that the court might judge of the materiality of their testimony. There was no error in the refusal of the court to grant a continuance.

Upon the other points in the cause, we also think the decision of the court was correct. We consider it a settled rule, founded upon considerations of necessary policy, that the testimony of a juryman cannot be received to defeat his own verdict. (4 *J. R.* 487; 5 *Hill*, 560; 4 *Binney*, 150; 5 *Rawle*, 61.) There was no case cited on the argument, and we know of none, which holds a different doctrine. The decision of the court refusing to grant a new trial on the affidavit of the juryman, made after the verdict and for the purpose of moving for a new trial, that he had formed and expressed an opinion before the trial, was in conformity with the law. The application of the rule is certainly no less necessary in criminal than in civil cases.

In relation to the charge of the court to the jury. There is no portion of the testimony, or facts proved at the trial, returned on this appeal; and it is impossible to determine whether the charge was correct or incorrect in reference to such testimony and facts. The instructions given would all be correct in certain cases; and we cannot say that they were incorrect in this. This was the view taken in the case of *The People* v. *McCauley* decided at this term, which was, in this respect, analogous to the present case. The judgment should be affirmed.

Ordered accordingly.