OGLE *v.* STATE, 33 Miss. R., 383.

HOMICIDE.

Applications for continuance are always addressed to the sound discretion of the court; and it is only where this discretion has been greatly abused that it can be assigned for error.

1070 Ogle *v.* State. [33 Miss:

An affidavit that subpœnas had been issued for absent material witness which were "not executed" by the sheriff, and that he expected to prove by such witnesses an unfriendly feeling between the deceased and the defendant, is insufficient for a continuance.

A person who has not formed or expressed an opinion as to the guilt or innocence of the prisoner who is indicted for murder, but has an impression on his mind, formed from rumor, in relation to the killing, which it might require evidence to remove, is competent as a juror. Per Smith, C. J., and Handy, J.

But in such case, although the juror may be incompetent, a new trial will not be granted if the prisoner exercises his right of peremptory challenge, unless it be shown that he exhausted his peremptory challenges, and was thereby liable to have other jurors equally objectionable forced upon him. Per Fisher, J.

A verdict of guilty of manslaughter will not be set aside for an error in the court below in refusing to give instructions asked for by the prisoner, the object of which was to reduce the crime from murder to manslaughter.

Error to Holmes circuit court. Henry, J.

At the April term, 1856, of the circuit court of Holmes county, Lewis Ogle was indicted, tried, and convicted of the murder of one W. P. West. A new trial was granted, and at the following October term he was again tried and found guilty of manslaughter in the first degree. At that time the prisoner applied for a continuance on account of the absence of Thomas Gray, by whom he expected to prove, as he stated in his affidavit, that the deceased and the defendant were very unfriendly up to within a short time previous to the killing; and also on account of the absence of John Hubbard and John Shiph, by whom he expected to prove that the deceased was exceedingly quarrelsome when drinking; and that the prisoner would prove by other witnesses that deceased was drinking on the day of the killing. The affidavit stated that subpœnas had been issued for these witnesses in due time, and that they were not absent without his consent. The district attorney refused to admit the truth of the facts stated in the affidavit, and the court deeming the application insufficient refused a continuance.

During the empaneling of the jury, one Webster, who had been returned by the sheriff on the special *venire*, was called, and upon examination touching his qualifications as a juror, he stated "that he had, from rumor, formed some opinion, or rather impression, of the killing, but that he had no opinion then of the guilt or innocence of the prisoner, as he had heard none of the circumstances or evidence." The prisoner's counsel then asked Webster if it would require evidence to remove the

opinion he had formed, to which he replied that it might require evidence to remove his impression as to the killing, but he had no opinion as to the guilt or innocence of the prisoner. The prisoner's counsel then challenged said juror for cause, but the court decided him to be competent, and the prisoner excepted. The prisoner then challenged the juror peremptorily. The prisoner pleaded not guilty, and was found guilty, and he brings the case to this court.

*J. W. Wood* and *R. A. Anderson*, for plaintiff in error.

*D. C. Glenn*, attorney general.

FISHER, J.:

The prisoner was put upon his trial at the October term, 1856, of the circuit court of Holmes county, for the murder of one William P. West, and was by the jury found guilty of manslaughter in the first degree. To have the sentence pronounced upon this verdict, and the proceedings leading thereto, revised by this court, this writ of error has been prosecuted.

It appears that before going into the trial the prisoner moved the court for a continuance on account of the absence of certain witnesses whose testimony he deemed material in his defence. He sets forth in his affidavit that subpœnas for each of said witnesses had been issued, and returned by the sheriff not executed. That he expected to prove by one witness that the prisoner and the deceased were on friendly terms up to the time of the killing, and by another that the deceased was very quarrelsome in his disposition when drinking. Applications of this kind are always addressed to the sound discretion of the court; and it is only where this discretion has been manifestly abused that the action of the court below can be assigned as error.[1]

[1] Archbold Cr. Pr. & Pl., 566-7-8; State v. Hildreth, 9 Iredell, 429; State v. Patterson, 1 McCord, 177; Green v. State, 13 Mo., 382; Baxter v. People, 3 Gilman, 368; McKinney v. People, 2 ib., 540; State v. Thomas, 8 Rich., 295; Fiott v. Com., 564. But the discretion in such cases cannot override a clear legal right, or dispense with a plain rule of law. The court, therefore, cannot refuse a continuance on the ground that "it does not place much confidence in the truth of the defendant's statements." Fox v. State, 9 Geo., 373. In Alabama and North Carolina it has been held that this discretion of the court cannot be reviewed on error. Lindsay v. State, 15 Ala., 43; State v. Duncan, 6 Iredell, 98. And in Woods v. Young, 4 Cranch, 237, the Circuit Court of the United States for the District of Columbia laid down the same rule generally, and without qualification. It was doubted by the general court of Virginia in

But even under a more liberal application of the rule in the case at bar, we feel no hesitation in saying that the court below committed no error in refusing the continuance. Conceding that proper diligence had been used to compel the attendance of the witnesses, their testimony could not have varied the result. Admitting the truth of the statements of the affidavit, and giving to the facts the greatest weight to which they were entitled in favor of the accused, a mere doubt as to the question of malice could at most have been created on the minds of the jury.

The testimony of itself is too weak to weigh against the positive and direct testimony introduced on the part of the prosecution; and indeed it must depend for its weight more upon the weakness of the testimony of the state than upon any merit of its own. There doubtless may be cases where such testimony might form important links in the chain of evidence, and where it might turn the scale in favor of the accused; but, as already remarked in the present case, it could do no more than to create a doubt as to the question of malice. And thus viewing it, in connection with the evidence of the state, we are compelled to sustain the action of the court below in this respect.[1]

Smith v. Com., 2 Virg. Cas., 6, though they agreed it was a matter of discretion, and that error would not lie unless the case was a very plain one. The same doubt was expressed in Holt v. Com., ib. 156, and the writ of error denied. Also in Bledsoe v. Com., 6 Rand., 673, 674. In Indiana, in Detro v. Smith, 4 Ind., 200, a large discretion was allowed the circuit court on a question of continuance; but in most of the later cases in that state little has been said about discretion, and the right to a continuance has been generally regarded as a question of law arising upon the statements of the affidavits. Hubbard v. State, 7 Porter, Ind., 160; Fuller v. State, Blackf., 63. In Georgia the supreme court has said that it must be a most arbitrary and oppressive exercise of power on the part of the presiding judge to authorize a court of error to interfere. Sealy v. State, 1 Kelly, 213; Copenhaven v. State, 4 Geo., 23. In this state it may be said to be settled that where a clear error has been committed in refusing a continuance, without the correction of which a manifest injury will be done, a court of error will interfere; and the party excepting must embody all the testimony in his bill of exceptions, that the court above may see the bearing of the whole case, and thus judge of the ground of the application. McDaniel v. State, 8 S. & M., 401; and see Howell v. State, 5 Geo., 48; Holmes v. People, 5 Gilman, 478; Spence v. State, 8 Blackf., 282; Roberts v. State, 4 Geo., 6, 8.

[1] To obtain an order of continuance the affidavit must be full, satisfactory, and direct as to material allegations for a continuance. Knight v. State, 5 Humph., 599. The affidavit must state facts in order that the court may determine their importance; deponent's opinion of undisclosed facts can constitute no safe or proper grounds for the action of the court. Rhea v. State, 10 Yerg., 258; McDaniel v. State, 8 S. & M., 401. It must state the names and places of abode of the absent witnesses, and that they are material to the prosecution or defense. 8 East, 35; Foster, 2; Mull's case, 8 Gratt., 695; Hurd's case, 5 Leigh, 715; Gordon v. Spencer, 2 Blackf., 286. The affidavit

Again, a juror, being pronounced competent to the court, was tendered to the prisoner, and he was either compelled to accept him or to exercise his right of challenge. The juror, in answer to the question, whether he had formed or expressed an opinion as to the guilt or innocence of the accused, stated that he had neither formed nor expressed such opinion, but that he had an impression as to the killing from rumor, which it might require evidence to remove. The chief justice and my associate, Judge Handy, are of the opinion that this case is clearly distinguishable from the case of Nelms v. The State, and others in this court, and that the juror was competent. Not, however, being able to yield a full concurrence in their opinion on this ground, I am, nevertheless, of opinion that the record shows no error on this point for which this court can reverse the judgment. The juror not having been accepted, but set aside under the peremptory challenge of the prisoner, he must show that

should be positive that the absent witness is material, and not merely that the deponent believes him to be so. Bacon's Abr., Trial,26. Where the affidavit of the accused states that he expects to prove by the absent witness that he heard the witness upon whom the state mainly rely for a conviction, say that " if hard swearing would send the defendant to the penitentiary, he would go," the showing is sufficient.

The party moving for a continuance must show that he has used a reasonable degree of diligence (Fiott v. Com., 12 Gratt., 564; Weeks v. State, 31 Miss., 490; Hurd's case, 5 Leigh, 715; People v. Baker, 1 Cal., 403); as that the absent witness has been subpœnaed (Wright v. State, 18 Geo., 383), or an effort in that direction made. As to what will constitute due diligence, see Dutton v. State, 5 Port. Ind., 533; Hall v. State, 8 ib., 439.

If the witness was not absent at the time notice of trial was given, it seems the court will not grant the application on account of any subsequent absence. Barnes, 442. And where the witnesses are in a foreign country, and not likely soon to appear, the court will refuse to allow it; though, as the witness may be examined on interrogatories sent out abroad, it should seem that when the evidence is very material the trial may be delayed till such examination can be had. 1 Chitty Cr. Law, 492. But when the defendant has been guilty of *laches* or delay, the court will refuse to put off the trial, or at least will impose terms upon him, as that he shall consent to examine upon interrogatories a material witness for the people. Ib., 1 Black., 514; 2 M. & S., 602; Com. v. Gross, 1 Ashm., 281; see also Com. v. Millard, 1 Mass., 6; State v. Fyles, 1 Comst.,234; Allen v. State, 10 Geo., 85.

The improper refusal of a continuance may be cured by the witness appearing and testifying. Weeks v. State, 31 Miss., 490.

As to continuances, see generally the cases above cited, also Archbold Cr. Pr. & Pl., 166, *et seq.;* Wharton Am. Cr. Law, 2929, *et seq.;* Colton v. State, 4 Tex., 260; 8 East, 37; 3 Burrow, 1514; 1 Wm. Blackstone R., 514; Com. v. Hilliard, 1 Mass., 6; State v. Zellers, 2 Halst., 220; State v. Fyles, 3 Bev., 304; U. S. v. Gibert, 2 Sumner, 19; 8 East, 37; Earp v. Com., 9 Dana, 302; Bledsoe v. Com., 6 Randolph, 673; Com. v. Gross, 1 Ashmead, 281; Melstead v. Redman, 3 Munford, 219; 1 Dallas, 9; King of Spain v. Oliver, Peters C. C., 217; Fiott v. Com., 12 Gratt., 264; Foster, 40; 1 Wheeler C. C., 30; Rex v. Jones, 8 East, 34; State v. Duncan, 6 Iredell, 98; People v. Thompson, 4 Cal., 238.

the decision of the court was not only wrong, but that, having to exercise his right of challenge to get rid of the juror, he, the prisoner, exhausted his challenges, and, having done so, he was liable to have other jurors equally or more objectionable forced upon him. The question is not whether the court erred as to some minor point on the trial, but whether the objection which existed as to this person who was tendered as a juror, and rejected by the prisoner, existed as to any of the jurors who sat upon the trial; for if not, how can it be said that the prisoner has not been tried by an impartial jury, free from bias or preconceived opinions. The question, to my mind, is whether there is any valid objection which can be urged against any or all of the jurors who sat upon the trial, and not whether objectionable persons were summoned and pronounced competent jurors by the court, but not taken by the prisoner. One of the very objects of the law in giving the prisoner the right to challenge a certain number, according to his own discretion, was to protect him against the action of the court in selecting the jury. But if an impartial jury has been selected, as we must presume it to have been, unless the contrary be shown, how can it be said that the action of the court, though wrong on this point, has been prejudicial to the prisoner?

The last error assigned relates to the action of the court in giving, modifying, and refusing certain instructions on behalf of both the prosecution and the defense. This error may be briefly disposed of. The object of the instructions on behalf of the prisoner was to reduce the crime from murder to manslaughter; and admitting that the court erred, both as to the modification made to the instructions given and as to those refused on behalf of the prisoner, there is still no error of which he can complain, for the reason that the very object sought to be accomplished by the instructions has been attained by the verdict of the jury acquitting him of murder, and finding him guilty only of manslaughter. The action of the court could have only been the subject of revision in the event of a verdict for murder having been returned by the jury, not intimating that even then it would have been objectionable. We have deemed it unnecessary to notice the testimony in the record.

It will be sufficient to remark in regard to it, that in our opinion the jury has given the prisoner the benefit of every reasonable doubt which could exist in finding him guilty of the highest degree of manslaughter.

Judgment affirmed.