## DAN GREEN *v.* THE STATE.

1. JUROR. *Qualification. Opinion. Constitution* 1890, § 26. *Code* 1892, § 2355.

The right of accused, under § 26, const. 1890, to an "impartial jury" is not infringed by § 2355, code 1892, which provides that "any person, otherwise competent, who will make oath that he is impartial in the case, shall be competent as a juror in any criminal case, notwithstanding the fact that he has an impression or an opinion as to the guilt or innocence of the accused, if it appear to the satisfaction of the court that he has no bias of feeling or prejudice in the case, and no desire to reach any result in it except that to which the evidence may conduct; but any juror shall be excluded if the court be of opinion that he cannot try the case impartially, and the exclusion shall not be assignable for error." *Logan* v. *State*, 50 Miss., 269, and *Alfred* v. *State*, 37 *Ib.*, 296, criticised.

2. SAME. *Fixed opinion. Ability to try case fairly.*

Under said statute one is not incompetent as a juror merely because, on his *voir dire*, he states that he lives in the immediate neighborhood where the crime was committed, had heard it d'scussed, and had formed an opinion as to the guilt or innocence of accused of such a fixed character that it would require evidence to remove it, provided he makes oath that he can try the case fairly and impartially, according to the evidence.

FROM the circuit court of Choctaw county.

HON. C. H. CAMPBELL, Judge.

Appellant was convicted of arson, and appeals. The facts touching the only question passed on by the court are stated in the opinion.

*Daniel & Richardson,* for appellant.

Mosely, by his own admission, was disqualified as a juror. He had an opinion which was so fixed in character that it would take evidence to remove it.   The strength, nature and charac- ter of an opinion, and not the source from which it is derived, . determines the competency of a juror.   His belief that he could try the case fairly should have but little weight.   It is for the court, not the juror, to judge as to his competency.   The true test is whether the opinion is of such a fixed character, what- ever the source from which it comes, as to require testimony to remove it.   *Cotton* v. *State,* 31 Miss., 504; *Alfred* v. *State,* 37 *Ib.,* 296; *Logan* v. *State,* 50 *Ib.,* 269.

*Frank Johnston,* attorney-general, for the state.

A juror who will make oath that he is impartial is compe- tent, notwithstanding the fact he has an opinion, if it appear, to the satisfaction of the court, that he has "no bias of feeling or prejudice in the case."   Code 1892, § 2355.   The decision as to the competency of the juror must rest largely in the dis- cretion of the trial court.   Somebody must determine who is competent, and the statute has confided the matter to the cir- cuit court.   In the absence of a clear abuse of discretion, this court will not reverse.   Certainly the legislature can confide as little, or as much, of the trial of such questions as it may see proper.   The whole question might have been given to the final decision of the trial court, and the right of appeal cut off.

COOPER, C. J., delivered the opinion of the court.

The juror, Mosely, was not disqualified by the character of the opinion he had formed of the guilt or innocence of the de- fendant, and the appellant has no just cause of complaint be- cause he was forced to exercise his right of peremptory chal- lenge to exclude the juror from the panel.   The code provides that "any person, otherwise competent, who will make oath that he is impartial in the case, shall be competent as a juror in

any criminal case, notwithstanding the fact that he has an impression or opinion as to the guilt or innocence of the accused, if it appear to the satisfaction of the court that he has no bias of feeling or prejudice in the case, and no desire to reach any result in it except that to which the evidence may conduct; but any juror shall be excluded if the court be of opinion that he cannot try the case impartially, and the exclusion shall not be assignable for error.'' Code 1892, § 2355.

The juror, Mosely, on his *voir dire* stated that he lived in the immediate neighborhood where the crime was committed, and had heard it discussed, and had formed an opinion as to the guilt or innocence of the defendant, which opinion was of such a fixed character it would require evidence to remove it, but he thought he could try the case fairly and impartially according to the evidence.

In *Mabry* v. *The State*, 71 Miss., 716, it was held that a juror was incompetent who had heard parts of a former trial of the case, and had formed a '' definite and fixed opinion,'' and would not say positively that he could try the case as though he had no opinion.

In many cases in this court, decided before the enactment of the code provision above quoted, it has been held that a juror was not impartial who, either from hearing the evidence, conversing with the witnesses, or from rumor only, had formed an opinion which it would require evidence to remove. *Nelms* v. *State*, 13 Smed. & M., 500; *Cotton* v. *State*, 31 Miss., 504; *Alfred* v. *State*, 37 *Ib.*, 296; *Logan* v. *State*, 50 *Ib.*, 269. In the latter case Judge Simrall, in delivering the opinion of the court, declared that ''if the mind of the juror is so far prejudiced as to require testimony to annul a preopinion, derived from whatever source or origin, the juror is incompetent,'' and this test he declared was one upon which all the authorities agreed. In the same opinion there is a dictum to the effect that any act of the legislature which should encroach upon the qualifications of jurors in such wise as to '' weaken or endanger ''

their impartiality, would be an infringement of the constitutional provision protecting the right of trial by an "impartial jury," and in *Alfred* v. *State* Judge Harris said: "It is well settled that an opinion formed from rumor, so fixed as to require testimony to remove it, constitutes such bias as to render the juror not impartial, and, consequently, under our constitution, to disqualify him for service." It is dangerous to affirm that on any given proposition all the authorities support a particular view, as was done by Judge Simrall in *Logan* v. *State*. We very much doubt if the weight of authority in or out of this state was ever as stated; certainly it was never uniform.

In the trial of Aaron Burr, Judge Marshall said: "Were it possible to obtain a jury without any prepossessions whatever respecting the guilt or innocence of the accused, it would be extremely desirable to obtain such a jury; but this is, perhaps, impossible, and therefore will not be required. The opinion which has been avowed by the court is, that light impressions, which may fairly be supposed to yield to the testimony that may be offered, which may leave the mind open to a fair consideration of that testimony, constitute no sufficient objection to a juror; but that those strong and deep impressions which will close the mind against the testimony that may be offered in opposition to them, which will combat that testimony and resist its force, do constitute a sufficient objection to him." In the notes to sections 207 and 215 of Thompson & Merriam on Juries, a multitude of cases are cited as supporting the rule as announced by Judge Marshall, that an opinion formed from rumor which will readily yield to the testimony, does not disqualify one from sitting as a juror.

But the rule as formulated in the case of *Logan* v. *State*, cannot be said to have been uniformly followed in this state. In *King* v. *State*, 5 How., 730, a juror who had formed an opinion of the guilt or innocence of the accused, but who declared that his mind was free to act upon the testimony, was held competent. In *Ogle* v. *State*, 33 Miss., 383, a juror

stated that he had an impression as to the killing for which the accused was being tried which it might require evidence to remove, and this was held not to disqualify him. In *Sam* v. *State*, 13 Smed. & M., 189, the jurors who had formed opinions it would require evidence to remove were held to be incompetent, but the rule under which they were excluded was said not to be inflexible. Speaking on the question, the court said: "Every case, however, must depend in some degree upon its own peculiar facts. Circumstances may exist which would render a departure from a rule necessary and unavoidable which, in a different state of case, would be inflexibly adhered to. In some cases of very great notoriety, and of general concern, it might be impossible to find men in the vicinage who had not formed some opinion of the matter. The recent Astor place riots and murders in New York, referred to in argument, are of this character. In such cases some modification of the doctrine may be imperatively required. The rule must yield to the necessity, but only so far as the necessity demands." In *Williams* v. *State* a juror had stated that "he did have conscientious scruples on the subject of capital punishment, and that it would be against his conscience to render a verdict by which a party would be subjected to the punishment of death, but that he thought he could do justice as between the state and the accused." He was challenged by the state for cause and the challenge sustained. On appeal the juror was held to be competent.

We have, perhaps unnecessarily, protracted this examination of what is to us a very simple matter, but the suggestion of the court in *Logan* v. *The State* that all the authorities concurred in upholding the rule that an opinion entertained by a juror, which would require evidence to remove, disqualified him; and that such juror was not an impartial one within the meaning of the constitution, and that an act of the legislature "which should encroach upon the qualifications of jurors in such wise as to weaken or endanger their impartiality, would be an in-

fringement of this constitutional privilege," has led us to make a more extended examination than we otherwise would have done. All the state constitutions contain the provision preserving the right to trial by "an impartial jury." An examination of the authorities cited in the note by Thompson & Merriam on Juries, to which we have referred, will demonstrate that the rule so frequently applied in the decisions in this state was against the decided weight of authority elsewhere, as was recognized by Judge Handy in his dissenting opinion in *Williams* v. *State*, 32 Miss., 397.

Notwithstanding the remarks of the judges delivering the opinions of the court in *Logan* v. *State*, 50 Miss., and *Alfred* v. *State*, 37 *Ib.*, 296, we are entirely satisfied that it was within the legislative power to change the rule as has been done, and that in the present case the juror was rightly held to be competent. None of the errors assigned are well taken, and the judgment is

*Affirmed.*