BENJAMIN WHITEHEAD v. STATE OF MISSISSIPPI.

[52 South. 259.]

1. CRIMINAL LAW. *Burglary. Jury. Challenge to array. Grounds. Continuance.*

That the members of the regular venire in attendance when a criminal case is called for trial had been either disqualified, or qualified, but peremptorily challenged, in the trial of another person separately indicted for the same offense, and had heard a good deal of the case, would not disqualify them, as a whole, to act as jurors in the case on call, so as to require a continuance for want of a jury; but their qualifications to sit in the case should be determined by the court upon their *voir dire* examination, and even if the whole number disqualified themselves, for cause or otherwise, the court may proceed to form the jury with talesmen, summoned from the bystanders.

2. SAME. *Qualifications of jurors. Code 1906, § 2685.*

Under Code 1906, § 2685, providing that any person, otherwise competent, who will make oath that he is impartial in the case, shall be a "competent juror" in a criminal case, notwithstanding that he has an impression or opinion as to the guilt or innocence of accused, if it appear to the satisfaction of the court that he has no bias or prejudice, and no desire to reach any result, except that to which the evidence may conduct, a juror is not disqualified by any impression or opinion which he might have upon entering the jury box, since light impressions, which may fairly be supposed to yield to the testimony and leave the mind open to a fair consideration thereof, do not disqualify him.

FROM the circuit court of, first district, Carroll county.

HON. GEORGE A. McLEAN, Judge.

Whitehead, appellant, was indicted and tried for burglary, convicted and sentenced to the penitentiary and appealed to the supreme court. The facts are stated in the opinion of the court.

*S. E. Turner* and *J. G. Hemingway*, for appellant.

The motion for a continuance in this cause should have been

sustained, for the reason that the *voir dire* examinations of the jurors and proffered jurors clearly show that they were not competent to give the appellant that fair and impartial trial guaranteed by the constitution and laws of the state. *Klyce v. State,* 79 Miss. 652, 31 South. 339; *Fugate v. State,* 82 Miss. 189, 33 South. 942; *Nail v. State,* 70 Miss. 32.

Our legislature, in Code 1906, § 2355, has gone to the very extreme length of the law making power. It was careful to provide that the exclusion of a juror shall not be assignable for error, thus emphasizing the idea of liberal interpretation in favor of the accused. Nor does the section necessarily imply that a man is competent who has a fixed opinion. It simply uses the word "impression or opinion." It would simply nullify the constitutional provision, and seriously endanger the fairness of trials, to hold a juror who has an opinion competent merely because he could try the case impartially. He may affirm so, and may think so, but it is for the court to say whether he in fact can, viewed in the light of the weakness of human nature.

The court should have granted the appellant a new trial, because the verdict was contrary to the law and the evidence. A careful examination of the testimony of the witnesses will substantiate the contention that it was not sufficient to warrant a conviction, for the reason, that appellant unquestionably established an alibi.

*James R. McDowell,* assistant attorney-general, for appellee.

The jury was fully warranted in convicting the appellant. The facts are disputed in some particulars, but the jury settled that question.

It seems that some of the jurors had heard fragments of the testimony in the trial of Jackson a day or two before the appellant was put on trial and others had heard rumors of the

alleged burglary and had testified in their *voir dire* examinations that they had an opinion or impression about the case, but each and every one of them testified without hesitation that he could disregard anything he had heard and give the appellant a fair and impartial trial and that he would do so, and that the verdict would be based entirely upon the evidence adduced at the trial. Each and every one of them testified that he had no fixed opinion and no desire to reach any other than a correct verdict supported by the law and the evidence.

They were all clearly competent under Code 1906, § 2685. We call attention to the wide latitude permitted counsel for appellant in his examination touching the qualifications of jurors.

The true test is, has a juror formed or expressed a fixed opinion or an opinion which he could not set aside after hearing all the testimony and which he could not disregard in arriving at a verdict?

No juror is incompetent because he has heard the case talked about even in the form of a detailed statement, or because he has read about the case in the newspapers or because he has some personal knowledge of the facts involved, unless he has a decided, fixed or unqualified opinion, or, even stating it more strongly, an opinion which would take considerable, strong, or conclusive evidence to remove, or where such juror believes that this opinion might not yield to the evidence adduced at the trial, or might affect the verdict.

McLAIN, C.

At the April term, 1909, of the circuit court of the first district of Carroll county, the appellant, Ben Whitehead, was tried, convicted, and sentenced for a term of five years in the penitentiary for the burglary and larceny of the storehouse of W. B. Posey, from which judgment and sentence he prosecutes this appeal.

There are many assignments of error by appellant in this cause, but the one he presses with much force and zeal is that he was not given a trial by an impartial jury, such as is guaranteed to him by section 26 of the Constitution of 1890. To have a clear conception of this assignment of error, it is necessary to give a brief statement of some of the facts. At the April term, 1909, of the circuit court of the first district of Carroll county, I. N. Brownlow, Gentry Jackson, and appellant were separately indicted for the burglary and larceny of the storehouse of W. B. Posey. All three cases were continued to the October term, 1909, of said court, and during the first week of said term Brownlow was put on trial, which resulted in a mistrial. During the second week Gentry Jackson's case was tried, resulting in a conviction. While the jury in the case of Gentry Jackson was deliberating on its verdict, the case of appellant was called. He presented to the court a motion for a continuance, stating, among other things, that appellant does not believe that he can safely go to trial before the panels of the present week, or of any member thereof, for the reason that Brownlow and Jackson were tried for the same identical offense, the only difference being that they were indicted separately, and not jointly; that the jury trying the said case of Gentry Jackson was composed of eight members of the two regular panels for the second week of the term; that eleven members of the said two panels were declared incompetent by the court upon their *voir dire* examination; that two members of the said two panels were excused peremptorily by the state; that three members of the said two panels were excused peremptorily by the defendant Jackson; that there are no members of the two panels for the present week who are not disqualified, either for cause or who have been peremptorily challenged in the trial of the very issue to be tried in this cause. The motion of appellant was overruled by the trial judge, and to this ruling the appellant ex-

cepted; and he further stated to the court "that he challenges the array which the court intends to offer him, and will challenge it during the impaneling of the jury."

Upon an inspection of the record, it appears that when the case of appellant was called there were sixteen members of the regular venire in attendance, eleven of which were disqualified and five qualified (but peremptorily challenged) in the *Jackson case.* The appellant seems to contend that these sixteen had been examined in the *Jackson case* touching their qualification, and had necessarily heard a good deal of the case, that they were thereby disqualified in this case as a whole, and therefore there was no nucleus of a jury from which to begin the impaneling of a jury in the case of appellant, and for that reason the trial of his case could not proceed for the want of a jury. In other words, of the jury thus constituted the defendant challenged the array, on the ground that the court had no legal power to impanel the jury under existing circumstances and facts.

We do not concur in this view of the case. These sixteen jurors were members of the regular panels for the week, and the question of their qualification or disqualification to sit in appellant's case should be determined by the court upon their *voir dire* examination when called as jurors; and even if the whole sixteen on their *voir dire* examination disqualified themselves for cause or otherwise, the court had the right to proceed to form the jury with talesman summoned from the bystanders. It has been held by this court "that, if there be no member of the regular panel present, the court cannot, of its own motion, organize a jury, save in special states of case provided for by the statute; but so long as there is a single member of the regular venire in attendance, he may be utilized as the basis for the formation of a new jury, and that the power to do this will not be defeated by challenge or excusing such juror; but that the court, by his presence having acquired jurisdiction to

organize a jury, may proceed to exercise the power, though such juror form no part of it." *Barnes v. State,* 60 Miss. 359.

Appellant further complains that the court erred in not excusing certain jurors for cause when being examined on their *voir dire.* The brief of counsel for appellant, and the record, is largely filled with a detailed statement of the answers of jurors to questions propounded them on their *voir dire* examination, in an attempt to show that some of them were incompetent. The court announced to appellant that he would allow him the greatest of latitude in examining jurors as to their competency. The court seems to have exercised great caution in impaneling this jury. When the *Jackson case* was before the jury, the court caused all the jurors in the jury box to retire from the courtroom. We have closely examined the questions put to these jurors on their *voir dire* examination, and their answers thereto, and we are of the opinion that none of them were disqualified by the character of the opinion they had formed of the guilt or innocence of the appellant, and the appellant has no just cause for complaint, because he was forced to exercise his right of peremptory challenge to exclude certain jurors from the panel.

Code 1906, § 2685, provides that "any person, otherwise competent, who will make oath that he is impartial in the case, shall be competent as a juror in any criminal case, notwithstanding the fact that he has an impression or an opinion as to the guilt or innocence of the accused, if it appear to the satisfaction of the court that he has no bias or feeling or prejudice in the case, and no desire to reach any result in it, except that to which the evidence may conduct; but any juror shall be excluded, if the court be of the opinion that he cannot try the case impartially, and the exclusion shall not be assignable for error." Appellant seems to contend that, if any kind of impression or opinion which a juror might have had upon entering the jury

box required evidence to remove it, then such juror would be disqualified. "Were it possible to obtain a jury without any prepossessions whatever excepting the guilt or innocence of the accused, it would be extremely desirable to obtain such a jury; but this is perhaps impossible, and therefore will not be required. The opinion which has been avowed by the court is that light impressions, which may fairly be supposed to yield to the testimony that may be offered, which may leave the mind open to a fair consideration of that testimony, constitutes not sufficient objection to a juror; but that those strong and deep impressions which will close the mind against the testimony that may be offered in opposition to them, which will combat that testimony and resist the force, do constitute a sufficient objection to him." *Green v. State,* 72 Miss. 525, 17 South. 382.

Each juror on his *voir dire* examination was closely and thoroughly examined by appellant touching his qualification, and upon an inspection of the record each stated he had no bias or feeling or prejudice against defendant, and had no desire to reach any result in it, except that to which the evidence may conduct. After carefully reading the record in this case, we are of the opinion that the court committed no error in refusing to sustain a challenge for cause to the jurors complained of in appellant's assignment of errors.

Appellant further complains that the verdict is contrary to the law and the evidence. We have gone over the evidence, and, while there is conflict in the same, we think the jury was warranted in returning a verdict of guilty. The instructions upon the whole fully and fairly covered the law of the case. Taking the record upon the whole, we are convinced that the appellant has received a fair and impartial trial as guaranteed to him by the Constitution and laws of our state.

The judgment is affirmed.

PER CURIAM. For reasons indicated in above opinion by the Commissioner, the judgment in this case is affirmed.

*Affirmed.*