CITY OF PASCAGOULA *v.* NOLAN.

(Division A.   Oct. 31, 1938.)

[184 So. 165.   No. 33353.]

166

**Ford & Ford**, of Pascagoula, for appellant.

**Griffith, J.,** delivered the opinion of the court.

The City of Pascagoula operates under the code chapter on municipalities, and it has a general ordinance making all misdemeanors, which are such under state statutes, offenses also against the city. Section 2549, Code 1930. Appellee was prosecuted in the city court under an affidavit attempting to charge him with the public display of indecent or obscene words or letters on his automobile, but the affidavit did not set out the words. Having been convicted in the city court, the defendant appealed to the circuit court, where a demurrer to the affidavit was sustained for its failure to set out the words charged to be obscene or indecent. Thereupon the City asked leave to amend the affidavit so that it would charge as follows:

"Did wilfully and unlawfully in violation of said ordinance show and have in his possession an obscene writing, the same being painted in yellow letters on the hood of a certain Model T Ford automobile owned by the said Oliver Noland and which Ford was left by the said Oliver Noland in front of the United States Post Office in the said City of Pascagoula, Mississippi, a public place and which obscene writing was in the following words, to-wit: All you ladies that smoke cigarettes throw your butts in here."

The court declined to allow the amendment, dismissed the cause, discharged the defendant, and the City has appealed from that action.

The quoted language is obscene within the interpretation placed upon that term by most of the courts. In Holcombe v. State, 5 Ga. App. 47, 62 S. E. 647, language closely similar to that here in question was considered, and the court held it to be within the prohibition of a statute analogous to our Section 1056, Code 1930,—analogous so far as concerns the interpretation of the language charged against the defendant. But to say the least, it was a question for the jury to decide whether the language as it would be commonly understood or interpreted, and when used in the face of everybody, as was the case here, was such as to offend the public sense of real decency in respect to such matters and as distinguished from mere prudery. The fact that the language may have been employed in the manner of a jest or for jocularity does not, under such public circumstances as have above been mentioned, alter the case. Holcombe v. State, supra.

And we think the case comes within the cited statute. It is true that the statute deals primarily, or in the main, with obscene or indecent literature,—with something printed, written, drawn or pictured on paper; but if the words here complained of had been printed or painted on paper and this paper pasted on the automobile, it would have been no more nor less than the equivalent,

in substance and in effect, of the same words painted on the car without the use or intervention of paper in so doing.

The amendment being material to the merits of the case, it should have been allowed. City of Pascagoula v. Seymour, 136 Miss. 502, 101 So. 576; Wampold v. State, 170 Miss. 732, 155 So. 350.

Reversed and remanded.