## GEORGE COULTER v. STATE OF MISSISSIPPI.

1. CRIMINAL PROCEDURE. *Constitution* 1890, *section* 27.

   The legislature is expressly authorized by constitution of 1890, section 27, to dispense with the inquest of a grand jury in the prosecution of misdemeanors and to regulate by law the proceedings in such cases.

2. SAME. *Justice court. Affidavit. Code* 1892, § 2421.

   Under code 1892, § 2421, prosecutions for misdemeanors can be instituted before a justice of the peace only on affidavit charging the defendant with the commission thereof.

3. SAME. *Amendments on appeal. Code* 1892, § 1438.

   In case of appeal to the circuit court from the judgment of a justice of the peace convicting a defendant of a misdemeanor, if the affidavit made before the justice of the peace, intending to charge the offense, be defective, the same may be amended, under code 1892, § 1438, on application of the state, and the charge, as amended, need not be sworn to by anyone.

FROM the circuit court of Attala county.

HON. W. F. STEVENS, Judge.

The facts, in so far as necessary to an understanding of the decision, are stated in the opinion of the court.

*Campbell & Clark*, for appellant.

The original affidavit charged no offense in this case under the statute of the state. *Newman* v. *State*, 69 Miss., 393. But two modes are prescribed to call citizens to answer for crime—for felony, by indictment; for misdemeanor, before justice of the peace, "on affidavit of the commission of any crime of which he has jurisdiction." Constitution 1890, section 27. As to the mode of proceeding before justices of the peace, see § 2421, code 1892.

An affidavit is essential to confer jurisdiction to try and punish any offense. *Bigham* v. *State*, 59 Miss., 529. What is an affidavit? *Carlisle* v. *Gunn*, 68 Miss., 243. We submit that, under our system of criminal procedure, the circuit court, on appeal, has no more jurisdiction than the justice of the peace before whom the prosecution was instituted; and is it legal and competent for the district attorney to write out, for the first time, a statement of facts, constituting an offense, not sworn to—is this an affidavit?

How can the court know that the affiant to the original affidavit that charges no offense, or anyone else, would have made affidavit to the facts necessary to constitute the offense? As to the rule charging offenses, see *Hudson* v. *State*, 73 Miss., 784.

We submit, too, that the testimony is wholly insufficient to support the conviction.

*Wiley N. Nash*, attorney-general, for appellee.

The reporter failed to find a brief for the state on file.

WOODS, C. J., delivered the opinion of the court.

The affidavit made before the justice of the peace, by which it was attempted to charge the defendant criminally, was so

imperfectly framed as that the fact constituting the gist of the offense was omitted. After appeal to the circuit court, the district attorney, by leave of the court, amended the affidavit by supplying the omission in the affidavit as originally drawn, so as to properly charge the offense really intended to be charged, and, after the amendment, the affidavit was not again sworn to by anyone. This action is the only error assigned which it is necessary for us to consider.

By the twenty-seventh section of the constitution of 1890 it is declared that the legislature "may dispense with the inquest of the grand jury and may authorize prosecutions before justices of the peace, or such other inferior court or courts as may be established, and the proceedings in such cases shall be regulated by law."

In pursuance of the power thus conferred, the legislature, by § 2421, code of 1892, has made an affidavit of the commission of a crime of which jurisdiction has been lodged with a justice of the peace, the foundation of a prosecution; and, in pursuance of the same power, the legislature, in § 1438, code of 1892, has declared that "when an appeal is prosecuted to the circuit court in any criminal case from the judgment or sentence of a justice of the peace or municipal court, it shall be permissible, on application of the state or party prosecuting, to amend the affidavit, pleading or proceedings, so as to bring the merits of the case fairly to trial on the charge intended to be set out in the original affidavit; the amendment to be made upon such terms as the court may consider proper."

The question here involved is not one of legislative power, but of legislative intention. As the proceedings in criminal cases are to be prescribed by the legislature, under the section of the constitution referred to above, it would have been altogether competent for the legislature to have dispensed with an affidavit in the beginning of a prosecution. The legislature has wisely thought proper to require an affidavit as the foundation of such prosecution in justices' courts, but it has, also, wisely

provided for an amendment of such affidavit, after the case shall have reached the circuit court by appeal, and on the application of the state, "so as to bring the merits of the case fairly to trial on the charge intended to be set out in the original affidavit."

In enacting the statute, the legislature only had regard to the known imperfections and inaccuracies that often characterize proceedings in these inferior courts, and the lack of technical legal skill and learning by those who preside in such tribunals, and made proper provision to prevent miscarriage of justice by relaxing the strict rules of pleading and proceeding required in superior courts.

In this case an amendment was made of an abortive attempt at criminal pleading, so as to bring to trial, on the merits, the offense really intended to have been charged by the original affidavit. It is a case of the character embraced in the spirit and letter of this statute, and affords a striking illustration of the wisdom of the law.

The insufficiency of the evidence to support the verdict is earnestly and ably argued as ground for reversal. The evidence is largely circumstantial, and much of it fragmentary, but this is true in nearly all cases of this nature. The offense is one usually cloaked in darkness and sought to be hidden by secrecy, and resort must be had to circumstances evidencing guilt to make out the charge. Looking at all the evidence, considered as a whole, we think the case satisfactorily made out.

*Affirmed.*