Brief for appellant.

### James Triplett *v.* State of Mississippi.

1. ENTICING SERVANTS. *Code* 1892, § 1068. *Laws* 1900, *p.* 140. *Affidavit.*

   An affidavit intended to charge an offense, under code 1892, § 1068, as amended, laws 1900, p. 140, making it unlawful to interfere with or entice away a laborer or renter under certain circumstances, is fatally defective if it fail to aver:

   (*a*) That the interference or enticing away was willful; or,

   (*b*) That the person interfered with or enticed away was a laborer or renter; or,

   (*c*) That he was a laborer or renter by contract for a specified time; or,

   (*d*) That he was interfered with or enticed away before the expiration of such contract; or,

   (*e*) That the interference or enticing away was without the consent of the employer or landlord; or,

   (*f*) The facts constituting the interference or enticing away.

2. CRIMINAL PROCEDURE. *Circuit court. Appeal from justices' court. Amendment. Code* 1892, § 1438.

   A defective affidavit, intended to charge an offense, upon which the defendant has been convicted by a justice of the peace, can be amended in the circuit court, under code 1892, § 1438, authorizing the same, upon appeal from the conviction.

FROM the circuit court of Winston county.

HON. GUION Q. HALL, Judge.

Triplett, appellant, was defendant in the court below; being convicted there of violating § 1058, code 1892, as amended by laws 1900, p. 140, he appealed to the supreme court. The case is fully stated in the opinion of the court.

*Daniel & Brantley,* for appellant.

The court below should have sustained the demurrer to the affidavit. It charges no offense. It is fatally defective.

1. It does not charge that the acts complained of was without the consent of the employer.

2. It does not charge that the persons interferred with were renters or laborers.

3. It does not charge that the (supposed) renters or laborers were contracted with for a specified time.

4. It does not show that the interference complained of was before the expiration of the (supposed) contract.

5. It does not charge that the interference was willfully done.

6. It does not aver the facts constituting the (supposed) interference.

The facts and circumstances which go to make up the offense defined in the statute, the necessary elements constituting the crime, must be charged and proved as laid before a conviction. Code 1892, § 1068; Laws 1900, p. 140; *Ward* v. *State,* 70 Miss., 245; *Jackson* v. *State,* 13 So. Rep., 935.

The word "unlawfully," inserted in the affidavit by way of amendment, did not cure the defects in the affidavit.

*Monroe McClurg,* Attorney-General, for appellee, submitted the case without argument.

CALHOON, J., delivered the opinion of the court.

The affidavit in this case, made before a justice of the peace, is based on ch. 102 of the laws of 1900, which provides: "That § 1068 of the code of 1892 be amended so as to read as follows: "If any person shall willfully interfere with, entice away, knowingly employ, or induce a laborer or renter who has contracted with another for a specific time to leave his employer or the leased premises, before the expiration of his contract without the consent of the employer or landlord, he shall, upon conviction, be fined," etc. The original affidavit is this: "Personally appeared before me," etc. "C. B. Coleman, who makes affidavit that on," etc., "Jim Triplett did interfere with his hands,

by starting to move them off at night, against the peace and dignity," etc. The circuit court permitted, and had inserted in the affidavit, an amendment which put the word "unlawfully" just before the word "interfere." Still, as amended, it is fatally defective. The statutory word "willfully" is essential to this charge. It does not show whether the "hands" interferred with were "laborers" or "renters," nor whether they were such by contract for a "specified time," nor whether the interference was "before the expiration of such contract," nor that it was "without the consent of the employer or landlord," nor in what the interference was. "Starting to move" people is all right, if they want to be moved. Under code, § 1438, a proper affidavit may be constructed by amendment which will disclose the "nature and cause" of the accusation. *Coulter* v. *State,* 75 Miss., 356 (22 So., 872).

*Reversed and remanded.*