WACTER S. BROWN *v.* STATE OF MISSISSIPPI.

1. CRIMINAL LAW AND PROCEDURE. *Affidavit charging misdemeanor. Appeal. Amendment in circuit court. Code* 1892, § 1438.

Under code 1892, § 1438, providing for the amendment upon appeal to the circuit court of defective affidavits on which a conviction in a justice's court is based, an affidavit which sought to charge the defendant with resisting an officer (code 1892, § 1222) may be amended in the circuit court so as to charge defendant with resisting an officer seeking to arrest him while drunk in a public place in the presence of two or more persons.

2. DRUNKENNESS IN PUBLIC. *Code* 1892, § 1219.

A defendent who, in consequence of his own wrong, has necessarily been carried to a public place cannot defend a charge of resisting an officer seeking to arrest him because of his drunkenness at such place in the presence of two or more persons on the ground that he was not voluntarily there.

FROM the circuit court of Tishomingo county.

HON. EUGENE O. SYKES, Judge.

Brown, the appellant, was convicted before a justice of the peace for resisting an officer in the discharge of his duty, a violation of code 1892, § 1222. He appealed to the circuit court, where he objected that the affidavit against him was insufficient. The court below permitted the district attorney

(under code 1892, § 1438) to amend the affidavit so as to add to the charge that Brown was drunk in a public place in the presence of the officer and two or more persons, and that the officer who was resisted sought to arrest him because of his drunkenness at such place. The arrest was made without warrant, under code 1892, § 1375. Appellant was convicted on the amended affidavit, and appealed to the supreme court. The facts are more fully stated in the opinion of the court.

*L. E. Sawyer and E. S. Candler, Jr.,* for appellant.

It was error to amend the affidavit. It permitted defendant to be tried for a different offense than the one charged in the original affidavit. *Miller* v. *State,* 53 Miss., 405; *Blumenberg* v. *State,* 55 Miss., 529; *Hudson* v. *State,* 73 Miss., 784.

Schruggs, the town marshal, had no right to arrest defendant without a warrant for a misdemeanor not committed in his presence. Code 1892, § 1375.

Defendant had committed no crime. He was charged in the last amended affidavit with resisting an officer while drunk in a public place in the presence of two or more persons, and the evidence was conclusive that he was in a "sample room" house, closed up, and by himself. This was no crime. Section 1219, code 1892. He was carried, against his will, to the public place.

*William Williams,* assistant attorney-general, for appellee.

The appellee was certainly tried for the offense of resisting an officer. The amendment simply charges the offense committed by appellant which caused his arrest, and is merely descriptive.

The amendment is authorized by code 1892, §1438, and by *Coulter's case,* 75 Miss., 356.

Argued orally by *E. S. Candler, Jr.,* for appellee.

TERRAL, J., delivered the opinion of the court.

The appellant was convicted in the circuit court of resisting

an officer in arresting him while drunk in a public place in the presence of two or more persons. He was drunk in the Thorn Building, a sample room of Leatherwood, situated upon a street of the town of Iuka, and which was entered by glass doors which permitted a look into the interior of the building from the street. Brown was in this building, and was acting to the annoyance of the owner, who, in consequence of his misconduct, sent for the town marshal, Schruggs, who found the appellant in the sample room, which was closed, and who opened and entered the sample room and arrested Brown, who was armed and drunk therein, and carried him out of the sample room upon the streets of Iuka, where the resistance was made of which he was convicted. In the justice's court, Brown was tried upon a charge of resisting Officer Schruggs, but the charge there did not specify his being drunk in a public place in the presence of two or more persons. This part of the charge was first made in the circuit court. It is objected (1) that the amendment of the affidavit was unlawful; (2) that Brown was guilty of no crime, and should have been discharged.

1. The charge against Brown, as tried before the magistrate, was defective; but by the express language of § 1438, code 1892, it was amendable in the circuit court. *Coulter* v. *State,* 75 Miss., 356; 22 So., 872.

2. It is said that Brown should not have been convicted, because, being in the Thorn Building, he was in a private place, and was brought against his will by Officer Schruggs upon the streets of Iuka, and that he ought not to suffer by being convicted of being drunk upon the streets in the presence of two or more persons, when he was not there of his own accord. Ordinarily, that would be a good defense, but it cannot avail the appellant under the circumstances of this case. It was in consequence of his civil trespass and wrong while in the Thorn Building that a necessity arose of removing him from that building, and whatever was done of necessity by the owner of the Thorn Building, or by others at

his direction, was as if voluntarily done by Brown; and his being drunk in a public place in the presence of two or more persons, arising from his own misconduct, was as much a crime in him as if he had gone there of his own accord.    It was in consequence of his own wrong that he was necessarily carried upon the streets of Iuka, and he cannot plead the necessary acts of those lawfully carrying him there in justification of his further wrong.   "*Frustra legis auxilium quaerit qui in leges committit.*"

*Affirmed.*