CITY OF PASCAGOULA *v.* SEYMOUR.*

(Division A. Nov. 3, 1924.)

[101 So. 576. No. 24557.]

CRIMINAL LAW. Affidavit charging no offense held amendable in circuit court on appeal from conviction in mayor's court, to properly charge offense.

An affidavit charging the defendant with a violation of section 8, chapter 116, Laws of 1916 (section 5781, Hemingway's Code), which had been adopted as one of the traffic ordinances of a municipality, was so defective as to charge no offense under said ordinance. There was a conviction before the mayor's court on such defective affidavit and an appeal therefrom by the defendant to the circuit court, where the municipality sought to amend the affidavit, so as to make it charge an offense under said ordinance, which was denied by the trial court. *Held,* that the amendment ought to have been permitted.

*Headnote 1. Criminal Law, 16 C. J., section 702.

APPEAL from circuit court of Jackson county.

HON. D. M. GRAHAM, Judge.

R. F. Seymour was convicted in the mayor's court of the city of Pascagoula of a violation of a traffic ordinance, and appealed to the circuit court, where the affidavit was quashed on demurrer, from which order the city appeals. Reversed and remanded.

*H. B. Everitt,* for appellant.

The defendant in this case was charged with violating an ordinance of the city by driving a motor vehicle unlawfully on the right-hand instead of the left-hand side of the street. The defendant by his attorney demurred to the affidavit for several specific reasons, chief of which was that the affidavit did not charge any offense known to the law. The court sustained the demurrer granting leave to the city to amend. The city by its attorney asked leave to amend specifically by motion in writing, which, being considered by the court, the motion was denied, the court refused to allow the amendment to be made and quashed the affidavit for its insufficiency and acquitted the defendant. This amendment sought to be made was to the effect, briefly that the defendant approaching a point in the street of the city where same was intersected by another street in turning to the left failed to drive to the right of the centre of the intersection, as per section 5781, Hemingway's Code.

It may be conceded that this affidavit did not in fact charge any offense known to the law, still the affidavit was amendable. *Coulter* v. *State,* 75 Miss. 356; *Brown* v. *State,* 81 Miss. 137.

To hold otherwise than as above stated in this case would be to practically nullify this statute providing for amendments so as to bring the case to trial on its merits in the circuit court on appeal.

(NOTE: No brief filed for appellee.)

ANDERSON, J., delivered the opinion of the court.

Appellant, city of Pascagoula, charged appellee, R. F. Seymour, before the mayor's court of said city with a violation of one of its traffic ordinances. The appellee was convicted, and appealed to the circuit court. On appellee's demurrer in the circuit court to the affidavit charging the offense, the court held the demurrer well taken and quashed the affidavit. Thereupon appellant asked leave of court to amend the affidavit so as to cure the defect therein. Leave to so amend was denied, and final judgment entered discharging appellee, from which appellant prosecutes this appeal.

The prosecution was under that part of section 8, chapter 116, Laws of 1916 (Hemingway's Code, section 5781), prescribing the manner in which motor vehicles shall be operated at the intersections of public streets, avenues, and alleys in municipalities. This statute had been adopted by appellant as one of its ordinances. It was sought to charge appellee with a violation of this ordinance, in that at a street intersection in said city he passed to the left of the center of the intersection instead of to the right as required by the ordinance.

The affidavit upon which appellee was tried in the mayor's court, and which was sought to be amended in the circuit court, charged him with violating said ordinance "by driving an automobile on Pascagoula street in said city on the left side of the center of said street, and, in so driving on said street, did not keep to the right of the center of the same, unlawfully against the peace and dignity of the city of Pascagoula." In the circuit court it was sought to amend the affidavit, so as to properly charge appellee with violating said ordinance in driving his motor vehicle to the left instead of to the right of a street intersection. That part of the ordinance on which the prosecution was based is in this language:

"Any such person so operating, or causing to be oper-

ated, a motor vehicle shall, at the intersection of public highways, streets, avenues, or alleys in any city, town, or village, keep to the right of the intersection of the centers of the highways when turning to the right, and pass to the right of such intersection in turning to the left.''

The trial court evidently was of the opinion that the affidavit could not be amended in the circuit court, because it was so defective as to charge no offense. The court was in error. *Coulter* v. *State,* 75 Miss. 356, 22 So. 872; *Brown* v. *State,* 81 Miss. 137, 32 So. 952. In neither one of those cases ,was the affidavit sufficient to charge the offense attempted to be charged. In the first case named, the court stated that the affidavit was so imperfectly framed ''as that the fact constituting the gist of the offense was omitted.''

The affidavit in the present case shows on its face that it was sought to charge appellee with an offense under said ordinance. That was enough to authorize its amendment.

*Reversed and remanded.*