MORAN *v.* STATE.[*]

(Division B.    Jan. 3, 1925.)

[102 So. 388.    No. 24432.]

1. CRIMINAL LAW.    *Affidavit, charging misdemeanor before justice of peace, may be amended on appeal to circuit court.*

  An affidavit, charging a misdemeanor before a justice of the peace, may, on appeal to the circuit court, be amended so as to charge the offense intended to be charged in the affidavit.

2. CRIMINAL LAW. *Defects appearing on face of affidavit should be raised by demurrer; if demurrer does not specify defect, question cannot be raised after verdict.*

The defects in an affidavit appearing on the face thereof should be raised by demurrer, and, if the demurrer does not specify a defect (which could be cured by amendment), it is too late after verdict to raise the question.

3. CRIMINAL LAW. *Matters not raised on original hearing on appeal not considered on suggestion of error, unless defect is jurisdictional.*

Matters not raised in an assignment of error on the original hearing on appeal to this court will not be considered on suggestion of error, unless the defect is jurisdictional.

*Headnotes 1. Criminal Law, 16 C. J., section 702; 2. Criminal Law, 16 C. J., section 649; 3. Criminal Law, 17 C. J., section 3533 (1926 Anno.).

Felix Boran was convicted, of giving liquor to minors, in a justice court, and from conviction in circuit court on appeal he appeals. The judgment was affirmed (102 So. 74), and defendant files suggestion of error. Overruled.

*Mize & Mize,* for appellant.

The court erred in permitting the state to amend the affidavit by striking out the name ''Francis Wilson'' and inserting the words ''she being a minor under eighteen years of age.'' The affidavit the appellant was tried on charged no crime. This was a prosecution under section 2123, Hemingway's Code, which makes it a crime to give intoxicating liquors to any minor under the age of eighteen years. The affidavit charged originally that these two girls were minors, and on this affidavit the appellant was tried. Clearly there was no crime charged under this section without adding the words ''under eighteen years of age.'' Section 1269, Hemingway's Code, means that any formal defect may be amended, or where the affidavit originally charged a crime but was not full enough. It was never intended to be al-

lowed to make an amendment so as to charge a crime when none was charged in the original affidavit. *White v. State,* 95 Miss. 75; *Hudson* v. *State,* 73 Miss. 784.

*E. C. Sharp,* Assistant Attorney-General, for the state.

There is really but one question presented in this case and that is, did the court err in permitting the affidavit to be amended? Such an amendment is authorized by section 1269, Hemingway's Code, "so to bring the merits of the case fairly to trial on the charge intended to be set out in the original affidavit." The only effect of this amendment is to authorize, upon conviction, the imposition of a greater penalty than under the original affidavit. Under the law it is a misdemeanor to give intoxicating liquors to any one, therefore, the setting out of the names to whom the whiskey was given and charging that the parties were minors was mere surplusage. This case is readily distinguished from the case of *Hudson* v. *State,* 73 Miss. 784, and of *White* v. *State,* 95 Miss. 75, relied upon by appellant. *Bufkin* v. *State,* 98 So. 452; *Coulter* v. *State,* 75 Miss. 356.

*Mize & Mize,* on suggestion of error, for appellant.

The affidavit, as originally drawn, charged no crime whatever, because there is no law providing the giving of intoxicating liquor to a minor unless the minor is under eighteen years of age. Section 2113, Hemingway's Code, makes it a violation of law to give away intoxicating liquors to induce trade. Section 2123, Hemingway's Code, makes it a violation of law to give away intoxicating liquor to a minor under eighteen years of age. The original affidavit could have been amended by the district attorney setting out that the defendant gave away intoxicating liquor to induce trade, which would have been altogether a different crime from the one set

out by the amendment made; or he could have amended
to charge that defendant gave intoxicating liquor to a
minor under eighteen years of age, which would thereby
and did thereby, under the amendment made, make al-
together a new charge, because in the original affidavit
no crime whatever was charged, and it could not be said
from the original affidavit what crime was intended to
be charged thereby. *White* v. *State,* 95 Miss. 75.

The next ground for suggestion of error is that the
affidavit as amended charged no crime. Section 2123,
Hemingway's Code; *Dawsey* v. *State,* 100 So. 526; *State*
v. *Speaks,* 132 Miss. 159, 96 So. 176.

ETHRIDGE, J., delivered the opinion of the court.

The appellant was prosecuted before a justice of the
peace for giving intoxicating liquors to minors; the affi-
davit originally made reading:

"The State of Mississippi, Harrison County.

"Before me, I. B. Ellis, justice of the peace of said
county, in justice district No. 1, makes affidavit on in-
formation that P. Moran, *alias* Felix Moran, *alias* Lewis
Moran, on or about the 20th day of April, 1924, in the
said county aforesaid, in said justice's district, did un-
lawfully give intoxicating liquors to Francis Wilson and
Velma Downs, both being minors under eighteen years
of age, against the peace and dignity of the state of
Mississippi.

"S. H. WILSON.

"Sworn to and subscribed before me this 7th day of
May, 1924.

"I. B. ELLIS, J. P."

The appellant was convicted in the justice court and
fined two hundred and fifty dollars and five days in the
county jail, and appealed from said judgment to the
circuit court. In the circuit court the affidavit was de-
murred to; the grounds of demurrer being: (1) That
the affidavit charges no crime known to the law; and (2)

that said affidavit does not allege that the parties were under eighteen years of age. This demurrer was sustained, and on motion the district attorney was permitted to amend and amended the affidavit by striking out the name of Francis Wilson and the word "and" and the word "both," and inserting the word "she" after the name "Velma Downs," and the word "a" before the word "minor," and by adding "under eighteen years of age" after the word "minor." There was a trial *de novo* in the circuit court and a conviction and a fine of five hundred dollars and three months in jail. From which judgment an appeal is prosecuted to this court.

The assignments of error in this court are as follows:

"(1) The court erred in permitting the state to amend the affidavit from the justice court, as shown by the special bill of exceptions.

"(2) The court erred in its ruling as to the cross-examination by counsel for appellant of Velma Downs, witness for the state.

"(3) The court erred in permitting the witness Velma Downs, over the objection of appellant, to answer the question: 'What grade were you in?' The answer being: 'I was in the seventh grade.'

"(4) The verdict is contrary to the law and the evidence."

The case was affirmed without an opinion on a former day.

A suggestion of error has been filed setting up the omission of the affidavit as amended to negative the exception contained in section 2123, Hemingway's Code, which defines the offense for which the appellant was prosecuted. This section in full reads as follows:

"It shall be unlawful for any person or persons to give intoxicating liquors in any quantity whatever to any minor under the age of eighteen years, and any person violating the provisions of this act shall upon conviction, be punished by a fine of not more than five hun-

dred dollars ($500) or by imprisonment in the county jail not more than three months, or both; but nothing in this statute shall prohibit a licensed physician or a parent or other person *in loco parentis* to such minor from giving intoxicating liquors to such minor for medicinal purposes.''

The brief on the original hearing was addressed to the assignments of error above stated, and the point here is made that the exception in the statute was not negatived by the affidavit, and the suggestion of error cites and relies on *State* v. *Speaks,* 132 Miss. 159, 96 So. 176; *Dawsey* v. *State* (Miss.), 100 So. 526. These decisions involved cases where demurrers to indictments were overruled in one case and sustained in the other in the court below. In the first the state appealed, and it was held in those cases that, as the exceptions in the statute were so intimately connected with the definition of the crime as to be a part thereof, it was necessary for the indictment to negative the exception.

In the present case the prosecution was instituted by an affidavit in the justice of the peace court and under section 1511, Code of 1906 (section 1269, Hemingway's Code), it is provided as follows:

''When an appeal is presented to the circuit court in any criminal case from the judgment or sentence of a justice of the peace or municipal court, it shall be permissible, on application of the state or party prosecuting, to amend the affidavit, pleading, or proceedings so as to bring the merits of the case fairly to trial on the charge intended to be set out in the original affidavit; the amendment to be made on such terms as the court may consider proper.''

It was held in *Coulter* v. *State,* 75 Miss. 356, 22 So. 872, that under this section a defective affidavit before a justice of the peace may be amended on appeal to the circuit court without being sworn to anew. And in *Triplett* v. *State,* 80 Miss. 379, 31 So. 743, and in *Brown* v. *State,* 81 Miss. 137, 32 So. 952, it was held that a defective affi-

davit under which a defendant has been convicted in a justice of the peace court may be amended in the circuit court under this section. So in our opinion the court had a right to permit the affidavit to be amended, and the trial was *de novo,* and there was no showing in the record of any surprise or other matter that would make a continuance proper.

The section above referred to, defining the offense of giving intoxicating liquors to minors, is the only one to which we have been referred that makes it an offense to give intoxicating liquors to a minor, and it is not a case charging a different offense from that intended to be charged in the original affidavit. But it is said in the suggestion of error that under the Speaks case and the Dawsey case the affidavit was void because of the failure to negative the exceptions in the statute.

Section 1426, Code of 1906 (section 1182, Hemingway's Code), provides that all objections to an indictment for a defect appearing on the face thereof shall be taken by demurrer to the indictment, and not otherwise, before the issuance of the *venire facias* in capital cases, and before the jury shall be impaneled in all other cases, and not afterward; and the court for any formal defect may, if it be thought necessary, cause the indictment to be forthwith amended, and thereupon the trial shall proceed as if such defect had not appeared. It is clear, unway's Code), above set out, that, if it has been raised by demurrer, it was amendable so as to then negative the exceptions. There was no evidence or anything else in the record to show the existence of the exceptions to the statute in the particular case, and, where an affidavit is amendable and the defect is not raised by demurrer, the defect will be cured by verdict. It is plain from the affidavit the offense that was intended to be charged and upon which the appellant was tried.

In matters not jurisdictional the court will not reverse for a defective affidavit which could have been amended, and it is only where the affidavit is so defective as to

charge no offense at all that the validity of it may be raised for the first time on appeal.

Where an appellant does not assign for error a matter on the original hearing on appeal, the court will not consider such error on a suggestion of error, unless the matter is jurisdictional. The suggestion of error will therefore be overruled.

*Overruled.*