CANNON v. STATE.*

(Division A.   Oct. 12, 1925.)

[105 So. 501.   No. 24967.]

CRIMINAL LAW. *Affidavit as to ownership of property alleged to be stolen may be amended in circuit court so as to conform to proof.*

In a prosecution for larceny begun in the court of a justice of the peace and appealed to the circuit court in which the affidavit laid the ownership of the property in Forest Willis, the affidavit may be amended in the circuit court so as to conform to the proof that the ownership of the property was in Forest Willis and three other persons, under section 1511, Code 1906 (Hemingway's Code, section 1269), which provides that affidavits in criminal prosecutions appealed from the court of a justice of the peace to a circuit court may, when necessary, be so amended as to bring the merits of the same fairly to trial on the charge intended to be set out in the original affidavit.

*Headnote 1.   Criminal Law, 16 C. J., Section 702.

APPEAL from circuit court. of Itawamba county.
HON. C. P. LONG, Judge.
Vardie Cannon was convicted of petit larceny, and appeals. Affirmed.

*Mitchell & Clayton,* for appellant.

This appeal calls in question the action of the court in permitting an amendment to the affidavit so as to allege ownership of the stolen property in Forest and others jointly, instead of in Forest Willis as alleged in the original affidavit.

The ownership of the stolen property is a material allegation and must be proven as laid in the affidavit. In case of joint ownership, it is necessary to allege the names of the true owners. *McDowell* v. *State,* 68 Miss. 348; *Pokinhorn* v. *State,* 7 So. 347; *Thomas* v. *State,* 103 Miss. 805; *Wright* v. *State,* 94 So. 716; *Hampton* v. *State,* 99 Miss. 182; *State* v. *Tatum,* 50 So. 490. A defect of this kind in an affidavit is not one of form and is not subject to amendment. *Hughes* v. *State,* 74 Miss. 369.

In the case at bar the defect was one of substance and not form. A charge of stealing the property of Forest Willis is a complete charge within itself. It required no amendment to make the form of the charge complete. The affidavit as amended charged a separate offense and a different offense from the one upon which appellant was tried in the justice court. In other words the appellant was tried in the justice court for stealing corn which belonged to Forest Willis and in the circuit court he was tried on a charge of stealing corn which was the property of Forest Willis, Mrs. Fronzo Senter, Mrs. Ouida Burns, and Mrs. Toxie Rhodes, jointly. This was a distinct and different offense from the one upon which he was convicted in the justice court. See also; *White* v. *State,* 95 Miss. 75; *Hudson* v. *State,* 73 Miss. 784; *Foreman* v. *State,* 95 Miss. 77.

It is impossible for us to see how the case at bar can be affirmed without overruling the long list of cases above cited from this court. The holding of our court in this particular is in accordance with the great weight of authority. We deem it unnecessary to cite cases from

other courts to this effect, when our court has spoken so strongly and emphatically in the matter.

*J. L. Byrd,* Assistant Attorney-General for the state.

Counsel for appellant base their right to reversal in this case on the ground that the court erred in allowing the state to amend the affidavit so as to allege the ownership in parties other than Forest Willis, the party who was originally alleged to be the owner. The authorities which the gentlemen cite are not in point in this case. *McDowell* v. *State,* 68 Miss. 348, is not in point because the district attorney in that case was attempting to get around the very difficulty that the state was in the McDowell case. In the McDowell case the court said that the ownership must be proved as laid and that where two or more persons own the stolen property the allegations in the indictment must accordingly be to that effect. So we submit that the amendment of the affidavit met the objection raised in the McDowell case.

The same might be said of *Pokinhorn* v. *State,* 7 So. 347. There there was a variance between the charge in the indictment and the proof, which is not the case here. The same may be said of *Thomas* v. *State,* 103 Miss. 805. Likewise, *Wright* v. *State,* 94 So. 716; *Hampton* v. *State,* 99 Miss. 182; *State* v. *Tatum,* 50 So. 490, and *Hughes* v. *State,* 74 Miss. 369, are all subject to the same criticism, while *Hughes* v. *State,* 74 Miss. 369, was reversed because the affidavit did not allege that the property stolen was the property of J. D. Nichols, but that it was solen from the premises of J. D. Nichols. This is very different to the case we have at bar and we submit is not in point.

We wish the court to bear in mind that this amendment was made before the trial and the appellant made no claim of surprise and did not ask for a mistrial or for continuance, but stood on the proposition that the state had no authority to amend the affidavit. The gentle-

men have evidently overlooked section 1266, Hemingway's Code.

Under this statute there are cited many annotations and in the following cases the name of the owner of the property was amended where the defendant was charged with larceny, to-wit: *Hewood* v. *State,* 47 Miss. 1; *Garvin* v. *State,* 52 Miss. 207.

If the amendment was not proper under the section just quoted, then we respectfully submit that it was proper under section 1269, Hemingway's Code, which provides that when an appeal is presented to the circuit court in any criminal case from the judgment or sentence of the justice of peace of municipal court, it shall be permissible on application of the state or party prosecuting, to amend the affidavit, pleading or proceedings so as to bring the merits of the case fairly to the trial on the charge intended to be set out in the original affidavit, the amendment to be made on such terms as the court may consider proper.

Smith, C. J., delivered the opinion of the court.

This is an appeal from a conviction for petit larceny, and the only assignment of error to which response is necessary is that the court below erred in permitting the district attorney to amend the affidavit on which the case was tried. The case originated in the court of a justice of the peace, and the affidavit as originally drawn alleged ownership of the property in Forest Willis. When the case came on for trial in the circuit court, the district attorney was permitted over the objection of the appellant, to amend the affidavit by alleging the ownership of the property in Forest Willis and three other persons, naming them, who, according to the evidence, were joint owners of the property. This amendment was necessary "to bring the merits of the case fairly to trial on the charge intended to be set out in the original affidavit," and consequently the court below committed no

error in permitting it to be made. Section 1511, Code of 1906 (Hemingway's Code, section 1269); *Foster* v. *State*, 52 Miss. 695.

*Affirmed.*