## SULLIVAN *v.* STATE.*

(Division B.   June 4, 1928.)

[117 So. 374.   No. 27022.]

*Corpus Juris-Cyc. References: Criminal Law, 16CJ, p. 383, n. 71; Indictments and Informations, 31CJ, p. 818, n. 96.

*W. A. Blair*, for appellant.

*James W. Cassedy, Jr.*, Assistant Attorney-General, for the state.

ETHRIDGE, P. J.  Romie Sullivan, the appellant, was prosecuted in the justice of the peace court for violation of section 6686, Hemingway's Code of 1927 (Laws 1916, chapter 116, section 8), and was convicted and fined one hundred dollars.

The main assignment of error is that the affidavit charges no offense.  The affidavit, barring the formal part, charges that:

"Romie Sullivan did willfully and unlawfully operate a certain motor vehicle, to-wit, a Chevrolet truck, on the Eureka and Nettleton public road, a public highway in Lee county, Miss., and did pass Rubel Nicholson, who was operating a Chevrolet truck on the said highway, and the said Romie Sullivan and the said Rubel Nicholson did meet with their said trucks on said public highway, near the home of S. B. Hendrix, and on meeting the said Romie Sullivan did fail and neglect to turn his said Chevrolet truck to the right of the center of said highway, when Rubel Nicholson did turn his said Chevrolet truck to the right of said highway, and the said Romie Sullivan did run his said Chevrolet truck upon and against the Chevrolet truck being operated by Rubel Nicholson, against the peace and dignity of the state of Mississippi."

There was no demurrer to the affidavit in the circuit court, and it was agreed by the court that the transaction took place in the fifth supervisor's district in Lee county, Miss., on the Nettleton and Eureka public road, and that it was a public road, and that the defendant was operating the Chevrolet truck, and that the witness was also operating a Chevrolet truck, and that it occurred about the 17th day of September, 1927; and the only question to go to the jury on is whether this man violated the law in any way in driving that truck.

The pertinent part of section 6686, Hemingway's Code of 1927 (chapter 116, section 8, Laws of 1916), reads as follows:

"Whenever a person operating a motor vehicle, or causing the same to be operated, shall meet on a public highway any other person riding or driving a horse or horses, or other draft animals, or any other vehicles, the person so operating such motor vehicle, or causing the same to be operated, shall reasonably turn or cause the same to be turned to the right of the center of such highway, street, avenue or alley, so as to pass without interference."

Violation of this section is made a misdemeanor, punishable, upon the first conviction, by a fine not exceeding one hundred dollars. There was no demurrer to the affidavit.

We think it clear from the affidavit that the offense intended to be charged was a violation of this statute. Under section 1243 of Hemingway's Code of 1927 (1426 of the Code of 1906) it is provided that:

"All objections to an indictment for a defect appearing on the face thereof, shall be taken by demurrer to the indictment, and not otherwise, before the issuance of the *venire facias* in capital cases, and before the jury shall be impaneled in all other cases, and not afterward; and the court, for any formal defect, may, if it be thought necessary, cause the indictment to be forthwith amended, and thereupon the trial shall proceed as if such defect had not appeared."

This section is applicable also to affidavits charging crime.

By section 1332 of Hemingway's Code of 1927 (section 1511 of the Code of 1906), it is provided that:

"When an appeal is presented to the circuit court in any criminal case from the judgment or sentence of a justice of the peace or municipal court, it shall be permissible, on application of the state or party prosecuting, to amend the affidavit, pleading, or proceedings so as to bring the merits of the case fairly to trial on the charge intended to be set out in the original affidavit;

the amendment to be made on such terms as the court may consider proper."

See *Coulter* v. *State*, 75 Miss. 356, 22 So. 872; *Triplett* v. *State*, 80 Miss. 379, 31 So. 743; *Brown* v. *State*, 81 Miss. 137, 32 So. 952; *Cannon* v. *State*, 140 Miss. 217, 105 So. 501. The proof is sufficient to sustain the charge.

There is no merit in the other assignments of error, and the judgment is affirmed.

*Affirmed.*