# WAMPOLD *v.* STATE.

(Division B. June 11, 1934. Suggestion of Error Overruled Sept. 24, 1934.)

[155 So. 350. No. 30977.]

Wynn, Hafter & Lake, of Greenville, for appellant.

734

**W. D Conn, Jr.**, Assistant Attorney-General, for the state.

Argued orally by **J. A. Lake, Jr.**, and **Jerome S. Hafter**, for appellant, and by **W. D. Conn, Jr.**, for appellee.

**Anderson, J.**, delivered the opinion of the court.

Appellant was tried and convicted in the county court of Washington county of the crime of the unlawful possession of intoxicating liquor. He appealed to the circuit court where the judgment of the county court was affirmed. From that judgment he appeals to this court.

Appellant's storehouse in the city of Greenville was searched by two deputy sheriffs on a proper search warrant. They served appellant with a copy of the warrant; he being present in his store at the time. In the back of the store the officers found a ten-gallon keg of whisky, a quart and a pint along with some whisky glasses, bottles and a funnel. Appellant volunteered the statement to the officers that the whisky in the keg was his and for his own personal use; that the whisky in the pint bottle had been brought there as a sample by a certain person. In addition to appellant, two other persons had access to the back of the store where the whisky was found; they had some fixtures stored there and had a key to a door by which they entered.

Appellant did not testify. One of the clerks in his store testified that he was present all the time the search was being made, and appellant made no statement to the officers that any of the whisky belonged to him. The affidavit charging appellant with the offense is in the form

required by law and appears to have been made before the circuit clerk of the county by W. Y. Humphreys, county attorney, on the 8th day of February, 1933. The trial was begun on the 13th day of February, 1933.

Before entering upon the trial appellant made a motion to quash the affidavit upon the ground that "it is not in accordance with the laws and statutes of the state of Mississippi." The record shows no evidence introduced on this motion. It was overruled by the court. The trial then proceeded. After the state had rested, and during the introduction of appellant's testimony, it was developed that although the county attorney, Mr. Humphreys, had signed the affidavit on February 8, 1933, he had not in fact made oath to it until the selection of the jury was begun. Appellant again made a motion to quash the affidavit because it was "not brought as required by the code." This motion was overruled.

Appellant contends that the affidavit was void when the trial began, and what occurred afterwards did not make it valid. In other words appellant was tried and convicted without any legal affidavit charging him with the offense. This contention is without merit. Sections 1206 and 1207, Code of 1930, with reference to demurrers to and motions to quash indictments, apply to affidavits charging crime as well as indictments. Sullivan v. State, 150 Miss. 542, 117 So. 374. It is true that in the Sullivan case the court had under consideration section 1206, Code of 1930, but the same principle applies whether it be a demurrer or motion to quash. If the affidavit is defective on its face, it takes a demurrer to reach it. If the defect is dehors the record, it takes a motion to quash, and evidence to support the motion.

There was no error in overruling appellant's motion to quash made before the jury was impaneled, for two reasons: (1) The motion was too general; it failed to set out what the defect was. (2) No evidence was introduced to show any defect in the affidavit.

The court committed no error in overruling appellant's

motion to quash the affidavit made at the conclusion of the state's evidence and during the introduction of the evidence on behalf of appellant, for the following reasons: (1) The motion was too general; it failed to name the defect in the affidavit. (2) Treating the motion as sufficient on its face, it came too late. Under section 1207, Code of 1930, a motion to quash was required to be made within the time allowed for demurrer; and under section 1206, Code of 1930, a demurrer could not be interposed in cases less than capital after the jury had been impaneled. As shown, when the last motion was made the jury had not only been impaneled, but the trial had proceeded to the conclusion of the state's testimony, and that of the defendant had progressed to some extent. (3) The affidavit was amendable. Even an affidavit charging no offense whatever is amendable in the circuit court on appeal. City of Pascagoula v. Seymour, 136 Miss. 502, 101 So. 576; Moran v. State, 137 Miss. 435, 102 So. 388; Burnett v. State, 72 Miss. 994, 18 So. 432; Smith v. State, 58 Miss. 867. The defect in the affidavit was cured by Humphreys making oath to it after the trial began. This occurred during the selection of the jury, and, therefore, before the introduction of any testimony. From that time on the trial took place on a charge in all respects legal, and the amendment related back to the beginning of the trial and validated whatever defect there was in the proceedings up to the time the amendment was made.

During the trial the regular panel for the week was exhausted, and before the jury, which tried appellant, was impaneled, the court gave the sheriff three different orders directing him in each to "summon twelve good, lawful and impartial men of said county to appear instanter." The sheriff carried out this mandate of the court, and out of those summoned the jury was made up. The list of those summoned was not taken from the jury box. The order of the court did not require that to be done. The sheriff therefore selected the persons summoned. Appellant contends that this procedure was unauthorized

and illegal. This question was not raised before the trial began, but after it was over, and then in appellant's motion for a new trial. That was too late. Under section 2064, Code of 1930, all provisions of law in relation to the listing, drawing, summoning, and impaneling juries are directory merely and not mandatory, and a jury listed, drawn, summoned, and impaneled in an irregular manner is a legal jury after it has been impaneled and sworn. Gavigan v. State, 55 Miss. 533. When the regular jury was exhausted the court could have pursued either of two courses: direct the sheriff to fill the panel from bystanders, or draw from the regular jury box a sufficient number of names and have the sheriff summon them. What was done in this case, in substance, was a direction by the court to the sheriff to fill the panel from bystanders. Harris v. State, 155 Miss. 794, 125 So. 253; Bruce v. State (Miss.), 152 So. 490.

Appellant contends that the court erred in accepting the juror Pratt as a competent juror over appellant's objection. Section 2030, Code of 1930, provides that any person, otherwise competent, who will make oath that he is impartial in the case shall be competent as a juror in any criminal case, notwithstanding the fact that he has an impression or an opinion as to the guilt or innocence of the accused, if it appear to the satisfaction of the court that he has no bias or feeling or prejudice in the case, and no desire to reach any result in it, except that to which the evidence may lead. During the voir dire examination Pratt stated he had an opinion, and in answer to one question stated the opinion was a fixed one. However, taking his entire examination he showed that he had no interest or bias in the prosecution, no prejudice, no desire to reach any result except that to which the evidence might conduct him; that any opinion he had would yield entirely to the evidence. Under the decisions of this court, Pratt was a competent juror. Green v. State, 72 Miss. 522, 17 So. 381; Whitehead v. State, 97 Miss.

537, 52 So. 259; Schwartz v. State, 103 Miss. 711, 60 So. 732.

Appellant, to sustain his position, relies principally on Klyce v. State, 79 Miss. 652, 31 So. 339. On its facts that case was very different from this. The juror in that case had heard the facts from the witnesses and believed what they told him, and from that had formed and expressed an opinion which he still retained. The court held that he was not a competent juror.

Appellant contends that the court erred in not sustaining his objection to the testimony of the officers who made the search as to the other things they found in addition to the whisky. They found bottles, funnels, and a table. Appellant was charged and convicted of unlawfully possessing intoxicating liquor; not selling it. Appellant interposed a general objection to this testimony. The court overruled it. Clearly the evidence of the officers as to the finding of the whisky was competent. Conceding for argument's sake that their evidence as to the other things they found was not admissible, still the court was correct in overruling the objection, because under the law it devolved upon appellant to point out the particular part of the testimony that was objectionable. The same rule applies as where a motion is made to exclude the testimony of a witness, part of which testimony is competent and part incompetent. Error in the admission of evidence can be predicated only on an objection thereto specifically pointing out its infirmity. Lee v. State, 137 Miss. 329, 102 So. 296; Jackson v. State, 163 Miss. 235, 140 So. 683.

We do not think the other questions argued are of sufficient merit to require discussion by the court.

Affirmed.