## PATTERSON *v.* STATE.

(Division A. Nov. 8, 1937. Suggestion of Error Overruled Nov. 22, 1937.)

[176 So. 603. No. 32785.]

**King & Berry,** of Mendenhall, and **G. L. Martin,** of Prentiss, for appellant.

**W. D. Conn, Jr.**, Assistant Attorney General, for the State.

762

Argued orally by **Ovie L. Berry**, for appellant, and by **W. D. Conn, Jr.,** for the State.

**McGehee, J.,** delivered the opinion of the court.

In this case the appellant, Albert Patterson, was tried and convicted in a justice of the peace court of Simpson county on the charge of unlawfully having in his possession intoxicating liquor. He appealed to the circuit court, where he was again tried and convicted, and sentenced to pay a fine of $200 and costs, and to serve a term of thirty days in jail, but which jail sentence was suspended upon good behavior.

It is shown on behalf of the State that the sheriff of the county, upon receiving information that whisky was being brought in on a certain night, had searched a car and found that it contained a less amount than he had expected to find. Whereupon he was informed that a part of the load had been left at Vardaman Smith's place of business south of the municipality of Magee, where cold drinks, merchandise, wine, and beer were sold. A search warrant was obtained, pursuant to an affidavit made for that purpose, authorizing the search of the premises of the said Vardaman Smith, who was

the son-in-law of appellant, and in whose home the appellant was visiting at the time.

The sheriff, accompanied by two deputies, went to search the place in question. Upon arriving near the premises to be searched, the sheriff went through the swamp en route to the rear of the store and dwelling occupied by Smith, and found the appellant out in the darkness engaged in taking pints and half pints of whisky out of cases and putting them into a fifty-pound lard can. This occurred off the premises occupied by Smith, and on land adjacent thereto which was neither owned nor occupied by the appellant. The can and its contents were thereupon seized by the officer, and it was there found that the appellant had in his possession about four cases of whisky, containing sixty-four pints to the case.

It is contended on behalf of appellant that the whisky in question was illegally obtained and that the testimony in regard thereto was inadmissible against him. We find no merit in this contention, for the reason that the sheriff merely encountered the appellant in possession of the whisky on land not in his possession or under his control, and while the sheriff was on his way to make a lawful search of the premises of another. No right of appellant was invaded by the officer in going upon the land belonging to some one else. Lee v. City of Oxford, 134 Miss. 647, 99 So. 509; Lovern v. State, 140 Miss. 635, 105 So. 759; Ashley v. State, 150 Miss. 547, 117 So. 511; Goodman v. State, 158 Miss. 269, 30 So. 285; Polk v. State, 167 Miss. 506, 142 So. 480.

The amendment of the affidavit so as to charge that the appellant "wilfully and unlawfully" had in his possession intoxicating liquor was fully authorized by section 1292, Code of 1930, as construed in Coulter v. State, 75 Miss. 356, 22 So. 872; City of Pascagoula v. Seymour, 136 Miss. 502, 101 So. 576; Moran v. State, 137 Miss. 435, 102 So. 388; Sullivan v. State, 150 Miss. 542, 117 So. 374.

It is further contended by appellant that the court

below erred in refusing the instruction requested by him in the following words: "The court instructs the jury that you do not have to believe the defendant innocent to find him not guilty."

We are of the opinion that the refusal of this instruction was proper.

Affirmed.