WILSON *v.* CITY OF ABERDEEN.

(Division A.  Nov. 8, 1937.)

[176 So. 601.  No. 32929.]

M. C. Young, of Aberdeen, for appellant.

Thomas Fite Paine, of Aberdeen, for appellee.

Argued orally by **M. C. Young,** for appellant.

**McGehee, J.,** delivered the opinion of the court.

Appellant, Richard Wilson, was tried and convicted of the unlawful possession of intoxicating liquor before the mayor of the City of Aberdeen, and ex officio justice of the peace of Monroe County, upon an affidavit of T. M. McDuffie, city marshal, which did not contain the name of the appellant as the defendant and did not charge that he "unlawfully" had in his possession intoxicating liquor. Neither did the affidavit aver that the offense charged was in violation of any ordinance of the City of Aberdeen, but merely charged the same to be "contrary to the form and statute in such cases made and provided, and against the peace and dignity of the City of Aberdeen, Mississippi."

An appeal was taken to the circuit court of Monroe County, where a demurrer to the affidavit was inter-

posed, setting up these insufficiencies of the affidavit, and was by the court sustained. Thereupon leave to amend the affidavit was granted, and the same was amended by inserting therein the name of the appellant, and also by inserting the words ''did unlawfully'' before the words ''have in his possession intoxicating liquor.'' But no amendment of the affidavit was asked on the part of the city so as to charge that the alleged offense was committed in violation of any of its municipal ordinances.

The proceedings instituted before the mayor, as an ex officio justice of the peace of Monroe County, consisted not only of the affidavit made by the city marshal on which appellant was tried, but also of an affidavit made by him for a search warrant for the search of the house in which the appellant was living, other buildings, etc., which charged him by name with the unlawful possession of intoxicating liquor. A search warrant was issued on this affidavit, and it was recited in the affidavit for the search warrant that the affiant had reason to believe, and did believe, that intoxicating liquor was being unlawfully stored, kept, owned, controlled, or possessed for the purpose of sale, etc., in the dwelling house and premises and in the possession of the appellant, Richard Wilson, and the warrant authorized the search of his dwelling house and premises and the seizure of such intoxicating liquor. The appellant appeared and defended this prosecution, and, upon being convicted, executed an appeal bond to the circuit court as the defendant in the case.

He again appeared in the circuit court as the defendant against whom the prosecution was being conducted, and assigned as one of the grounds of the demurrer interposed by him the fact that his name did not appear in the affidavit charging the possession of the intoxicating liquor in question, although he was specifically named in the affidavit for the search warrant and in the search warrant, as hereinbefore stated, as being the

person who had the intoxicating liquor in possession. The allowance of the amendments by the circuit court of the affidavit on which he was tried was objected to by the appellant, and is assigned as error on this appeal.

And subsequent to the decision of the case of Mary Johnson v. City of Aberdeen, rendered by this court on October 11, 1937, but not yet reported, the appellant sought and obtained leave to amend his original assignment of error by adding thereto the following: "The affidavit attempting to charge the offense does not charge that same was contrary to any ordinance or ordinances of the City of Aberdeen and does not show that the affidavit was ever filed, or marked filed."

Because of this additional ground now contained in the assignment of error, it is necessary that the case be reversed and remanded, but we deem it proper to say that the action of the court below in allowing the amendments made to the affidavit at the trial so as to state the name of the appellant therein, making it conform to the affidavit for the search warrant and the search warrant for the search and seizure of the intoxicating liquor in question, and by inserting in the affidavit the words "did unlawfully," was fully authorized by section 1292, Code of 1930, which reads as follows: "When an appeal is presented to the circuit court in any criminal case from the judgment or sentence of a justice of the peace or municipal court, it shall be permissible, on application of the state or party prosecuting, to amend the affidavit, pleading, or proceedings so as to bring the merits of the case fairly to trial on the charge intended to be set out in the original affidavit; the amendment to be made on such terms as the court may consider proper."

In the case of Coulter v. State, 75 Miss. 356, 22 So. 872, 873, the court in construing this statute said: "In enacting this statute the legislature only had regard to the known imperfections and inaccuracies that often characterize proceedings in these inferior courts, and

the lack of technical legal skill and learning by those who preside in such tribunals, and made proper provisions to prevent miscarriage of justice by relaxing the strict rules of pleading and proceeding required in superior courts.''

In the Coulter Case, supra, the court further said that: ''The affidavit . . . by which it was attempted to charge the defendant criminally, was so imperfectly framed as that the fact constituting the gist of the offense was omitted.'' Notwithstanding this, the court affirmed the action of the circuit court in permitting an amendment. City of Pascagoula v. Seymour, 136 Miss. 502, 101 So. 576; Moran v. State, 137 Miss. 435, 102 So. 388; Sullivan v. State, 150 Miss. 542, 117 So. 374.

Likewise, the provisions of this statute should govern as to the amendment of an affidavit in the circuit court which is originally made in a municipal court which fails to aver that the offense committed was in violation of the municipal ordinance or ordinances in that behalf. Under the authority of the cases of McAlister v. City of Moss Point, 96 Miss. 686, 51 So. 403, and Washington v. State, 93 Miss. 270, 46 So. 539, the trial in the lower court on the affidavit, which failed to charge that the offense was committed contrary to the ordinance or ordinances of the municipality, was a nullity; and the recent case of Mary Johnson v. City of Aberdeen, supra, is controlling on the question of the propriety of reversing and remanding the case at bar in order that the affidavit may be amended accordingly, if desired.

Reversed and remanded.