# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 96-KP-00239-SCT

*FREDERICK W. NOBLES, JR., a/k/a FREDDIE*
*NOBLES, a/k/a FREDERICK WILLIAM NOBLES, JR.,*
*a/k/a FREDERICK NOBLES*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 02/15/96 |
| TRIAL JUDGE: | HON. JOHN LESLIE HATCHER |
| COURT FROM WHICH APPEALED: | COAHOMA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: WAYNE SNUGGS |
| NATURE OF THE CASE: | CRIMINAL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 4/24/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE DAN LEE, C.J., BANKS AND ROBERTS, JJ.**

**BANKS, JUSTICE, FOR THE COURT:**

On January 25, 1985, Frederick W. Nobles pled guilty to aggravated assault and armed robbery as an habitual offender, pursuant to Miss. Code Ann. § 99-19-81 (1972). He was sentenced as an habitual offender to serve a term of twenty (20) years for the aggravated assault and thirty (30) years for the armed robbery. Nobles was not eligible for parole. On August 18, 1995, Nobles filed a Motion to Correct Sentence, claiming that he was illegally sentenced as an habitual offender, since the indictment was defective on this count. The trial court denied his requested relief on February 16, 1996, finding that any claim that the indictment had been defective was waived since it was not raised prior to the entry of the guilty plea. The court did not address Nobles' claim that he had received ineffective assistance of counsel.

Aggrieved, Nobles presently appeals this decision on the ground that it was erroneous. He further asserts that he is entitled to relief because he received ineffective assistance of counsel during his plea process. Because we find that Nobles' complaint about his indictment was procedurally barred, and because he was not prejudiced by any ineffectiveness on the part of his counsel, we affirm the decision below and deny any further relief.

## I.

Nobles first complains that, although the indictment under which he was prosecuted did contain the words "against the peace and dignity of the state," the habitual offender portion of the indictment appeared after this language, and was in fact on a separate page. Although Nobles admits that he was sufficiently on notice of the charges brought against him, he claims that the indictment was fatally defective and the trial court did not have jurisdiction, and thus he could not be lawfully held liable for the habitual offender portion of his sentence.

Nobles correctly cites our law on the subject at hand. In *Keyes v. State*, 549 So. 2d 949 (Miss. 1989), this Court stated:

> All that is required is that the accused be properly indicted as an habitual offender; that the prosecution prove the prior offenses by competent evidence; and that the defendant be given a reasonable opportunity to challenge the prosecution's proof.

Nobles also notes that the "charge must be proven as laid in the indictment." *Griffin v. State*, 533 So. 2d 444, 447 (Miss. 1988). To be valid, an indictment charging a defendant as an habitual offender must apprise the defendant that the State is seeking to impose an habitual offender sentence. *Dalgo v. State*, 435 So. 2d 628, 630 (Miss. 1983).

In *McNeal v. State*, 658 So. 2d 1345, 1350 (Miss. 1995) we specifically held that an habitual offender charge must appear *before* the conclusory language "against the peace and dignity of the state" in an indictment order to validly support a subsequent sentence. The specificity required of the State in preparing such an indictment goes beyond mere form, it is part of the substance of the indictment. *Akins v. State*, 493 So. 2d 1321, 1322 (Miss. 1986).

Although Nobles' claim would thus appear to have some merit, he has failed in this appeal to take full stock of his situation. As the trial court noted in its denial of Nobles' Motion to Correct Sentence, Nobles had failed to timely alert the court to the defect in the indictment. In *Brandau v. State*, 662 So. 2d 1051, 1054 (Miss. 1995), the Court stated that by not raising a question to the trial court about a defect in his indictment, Brandau waived this issue on appeal:

> We hold that, the formal defect is curable by amendment. It follows, therefore, that it is subject to waiver for failure to demur to the indictment in accordance with our statute. *Bolen v. State*, 309 So. 2d 524 (Miss. 1975); *Moran v. State*, 137 Miss. 435, 102 So. 388 (1925).

Since the issue was not raised by Nobles at trial level, this issue was therefore waived, as the trial court correctly found.

## II.

Nobles next argues that the trial court erred in finding that his complaint about the indictment to be procedurally barred, since the defect gave rise to plain error. Miss. Code Ann. § 99-39-21, *inter alia:* " . . . the court may upon a showing of cause and actual prejudice grant relief from the waiver." Nobles argues that this alleged defect in the indictment affected his "fundamental rights," notwithstanding the fact that he concedes that he was given ample notice of the charges brought against him. Nor does he challenge the accuracy of those charges. His complaint is merely one of a technical defect in the wording.

In *Brandau*, we rejected an identical contention, stating:

> The mere fact that a procedural requirement is located in the Constitution does not necessarily elevate it to the status of a "fundamental right."

*Brandau*, at 1054.

We held the indictment defect that Nobles complains of, in which the habitual offender charge is placed *after* the conclusory language "against the peace and dignity of the State," was not so injurious as to harm a fundamental right, and thus will not give rise to plain error. In light of this authority, Nobles' contention that the defect in his indictment gave rise to plain error is simply incorrect, and thus unavailing.

Nobles also asserts that the trial court lacked jurisdiction to sentence him as an habitual offender, given the defect of the indictment. He cites *Smith v. State*, 477 So. 2d 191, 196 (Miss. 1985) as authority. However, in that case, the indictment was returned under a statute requiring a sentence of seven years. Smith was erroneously sentenced under Miss. Code Ann. § 99-19-83 rather than § 99-19-81. We reversed because of the gross disparity between the authorized sentence of seven years, and the actual sentence of life in prison. We found this disparity to reflect sufficiently "plain error" in sentencing, as Smith clearly had a constitutional fundamental right to his liberty after seven years that was quite adversely affected by the sentencing court's error. Nobles similarly cites *Read v. State*, 430 So. 2d 832 (Miss. 1983), and *Brooks v. State*, 209 Miss. 150, 46 So. 2d 94 (1950).

Here, Nobles concedes that he had proper notice that he was liable as an habitual offender, and that he was not surprised by the sentence he received. Unlike the fact pattern in *Smith,* the sentence that Nobles received was properly calculated and arose under the statute that was cited in the indictment. The trial court clearly had jurisdiction to sentence Nobles as an habitual offender, and thus this assignment of error has no merit.

### III.

Finally, Nobles argues that he was denied effective assistance of counsel within the meaning of the Sixth Amendment of the United States Constitution. He claims that his counsel erroneously allowed him to be illegally sentenced as an habitual offender pursuant to § 99-19-81. Nobles reminds the Court that "[he] had the same lawyer (Tom Ross) as McNeal [whose case we reversed on this issue] and his convictions and sentences were from the same county (Coahoma)." Thus, Nobles concludes that Attorney Ross was unconstitutionally ineffective as his counsel, under the rule of *Strickland v. Washington*, 466 U.S. 668 (1984), 80 L. Ed. 2d 674 (1984).

In response, the State notes that Nobles failed to attach an affidavit from his attorney to his brief, and thus failed to comply with the requirements of Miss. Code Ann. § 99-39-9(1)(e)(Supp. 1995). The State also argues that Nobles has not met the second prong of *Strickland,* which requires that he demonstrate prejudice to his defense.

Although Nobles was not required to submit any affidavit from his attorney under § 99-39-9(1)(e)[1], we agree with the State that he has not demonstrated sufficient prejudice from his attorney's failure to timely raise the defect to prevail under *Strickland.* To reiterate, Nobles has admitted having notice of the charge, admitted that he was not surprised to receive the sentence that he was given, and has set forth no claim that the defect interfered with his ability to defend himself against the charges. Thus, we conclude that he has not demonstrated any prejudice from his attorney's failure to object to the form of his indictment.

## CONCLUSION

There being no merit to any of the issues raised in this petition, the judgment below is affirmed and Nobles further request for relief is denied.

**DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR.**


1. Mississippi Code Annotated § 99-39-9(1)(e) requires that post-conviction petitioners attach affidavits from *"witnesses who will testify,"* which does not necessarily include counsel.